## No. 9908.

### BOYD *v.* BOYD.

Decided January 9, 1922.

Petition for modification of a divorce decree as to the custody of minor children. Demurrer to petition sustained.

*Reversed.*

1. DIVORCE AND ALIMONY—*Custody of Children—Modification of Decree.* In a divorce proceeding, the court retains jurisdiction over the custody of the minor children after rendition of the decree, and the petitioner for a modification of the decree as to the custody of such children, may set up in the petition, and rely upon, any changes in circumstances or facts arising since the original decree.

*Error to the County Court of Larimer County, Hon. Jay H. Bouton, Judge.*

Mr. FANCHER SARCHET, for plaintiff in error.

Mr. CLAUDE C. COFFIN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a proceeding in which the trial court sustained a demurrer to a petition to modify a decree as to the custody of children.

The original decree was entered on March 6, 1914, in an action for divorce, and awarded the custody of two minor children to the defendant in that action, the husband. The petition involved in the instant proceeding was filed on May 19, 1920, by the plaintiff, and asks that the decree be so modified as to award the custody of the children to her. The petition states facts arising since the rendition of the original decree which would be proper for the court to consider. The demurrer is not based upon, nor sought to be sustained by reason of, any insufficiency of allegations, but the record in the case is invoked in an attempt to show that "the court has no jurisdiction of the subject matter of the petition," and that "the plaintiff is estopped from asking a modification" of the decree. The part of the record relied on by defendant is that showing that plaintiff consented to a modification of the decree on April 2, 1919. At that time, however, the record shows, the decree was modified only as to the times when the plaintiff may visit the children. There was no application then pending, and, so far as the record shows, no hearing, with reference to the custody, or change of custody of the children. There is no reason therefore why plaintiff may not set up in her petition, and rely upon, any changes in circumstances, or facts, arising since the date of the original decree, March 6, 1914, in now seeking to have the custody of the children awarded to herself.

It was error to sustain the demurrer. The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.